UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NEW YORK STATE NURSES ASSOCIATION　:
BENEFITS FUND, through the Chairperson of　:
the Board of Trustees, Dennis Buchanan, and　:　　**OPINION AND ORDER**
the Secretary of the Board of Trustees, Nancy　:
Kaleda,　:　　17 CV 1899 (VB)
　　　　　　　　　Plaintiff,　:
　:
v.　:
　:
THE NYACK HOSPITAL,　:
　　　　　　　　　Defendant.　:
-------------------------------------------------------------x

Briccetti, J.:

　　　Plaintiff New York State Nurses Association Benefits Fund (the "Fund"), brings this

action against defendant The Nyack Hospital ("Nyack"), to compel Nyack to submit to an audit

and to recover potential unpaid benefits contributions pursuant to the Employee Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., the Labor Management

Relations Act ("LMRA"), 29 U.S.C. § 141, et seq., and the common law of trusts.

　　　Now pending is Nyack's motion to dismiss pursuant to Rule 12(b)(6).  (Doc. #29).

　　　For the reasons set forth below, the motion is DENIED.

　　　The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

　　　For the purpose of deciding the motion to dismiss, the Court accepts all factual

allegations in the complaint as true and draws all reasonable inferences in the Fund's favor, as

summarized below.

The Fund is a multiemployer benefit plan as defined by ERISA. The Fund is administered pursuant to the terms of an Agreement and Declaration of Trust (the "Trust Agreement").

The Fund provides benefits to employees of employers who contribute to the Fund pursuant to collective bargaining agreements with the New York State Nurses Association ("NYSNA").

Nyack and NYSNA entered into collective bargaining agreements covering the periods January 1, 2010, through December 31, 2012 (the "2010 CBA"), and January 1, 2013, through December 31, 2017 (the "2013 CBA").

In connection with the 2013 CBA, on June 3, 2014, David H. Freed, Nyack's president and chief executive officer, executed an acknowledgement of Nyack's agreement to be bound by the terms and provisions of the Fund's Trust Agreement.

The "scope" provision of the 2013 CBA extends its coverage to "all full-time, regular part-time and per diem registered professional nurses employed by [Nyack]." (Pope Decl. Ex. 1: 2013 CBA § 1). Under the 2013 CBA, Nyack is obligated to notify NYSNA within five days of a new employee's hire. Pursuant to the 2013 CBA, Nyack's full-time nurses receive Fund benefits unless they affirmatively opt out of coverage, and Nyack's part-time nurses receive Fund benefits only if they affirmatively opt into coverage. Nyack remits a monthly sum to the Fund for all covered employees' benefits.

On May 12, 2016, the Fund notified Nyack of its intent to audit Nyack's Fund contributions for the 2015 calendar year. The Fund sought Nyack records, including: (i) "a list of employees who were hired during the calendar year 2015"; (ii) "a list of employees who were

terminated during the calendar year 2015"; (iii) "a job classification code for each department";

(iv) "monthly payroll registers"; and (v) "employee personnel files."  (Compl. ¶ 52).

Nyack only agreed to provide the payroll information for Nyack's registered nurses.

## DISCUSSION

I.      Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative

complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft

v. Iqbal, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," are not entitled

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678;

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard

of "plausibility."  Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,

556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully."  Id.

In considering a motion to dismiss, "a district court may consider the facts alleged in the

complaint, documents attached to the complaint as exhibits, and documents incorporated by

reference in the complaint."  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir.

2010).  The court may nevertheless consider a document not incorporated by reference if the

complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)). However, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111 (quoting Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." DiFolco v. MSNBC Cable L.L.C., 622 F.3d at 111 (quoting Faulkner v. Beer, 463 F.3d at 134).

II.     Application

Nyack argues the Fund's proposed audit is overbroad, and impermissible under the terms of the CBA.

The Court disagrees.

In Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559 (1985) ("Central States"), the Supreme Court upheld the rights of multiemployer pension fund trustees to conduct an audit involving records for employees whom the employer contended were not plan participants. First, the Court found a contractual basis existed for such an audit in the relevant CBA and trust agreement. Id. at 568. Second, the Court concluded the audit was "entirely reasonable in light of ERISA's policies," and "highly relevant to legitimate trustee concerns" pursuant to ERISA and the common law of trusts. Id. at 569.

The Second Circuit has held fund "trustees have a fundamental duty to locate and take control of fund property – a duty for which the right to audit is crucial." Jaspen v. Glover Bottled Glass Corp., 80 F.3d 38, 41 (2d Cir. 1996). However, a fund auditing a contributing employer "is authorized, in implementation of its fiduciary duties, to conduct an audit that is no broader in scope than necessary to achieve its objective and no more extensive than the scope of

4

the trustees' authority." N.Y. State Teamsters Conference Pension and Ret. Fund v. Boening Bros., Inc., 92 F.3d 127, 134 (2d Cir. 1996). In addition, an "audit request would be illegitimate under the standard of loyalty if it were actually an effort by plan trustees to expand plan coverage beyond the class defined in the plans' terms or to acquire information about the employers to advance union goals." Central States, 472 U.S. at 571 n.12.

     A.     Audit Rights Pursuant to the 2013 CBA and Trust Agreement

Here, the 2013 CBA and the Trust Agreement govern Nyack's contractual obligations.

The 2013 CBA provides that nothing in the CBA "shall be deemed to be inconsistent with . . . [t]he provisions of the . . . Trust Agreement" and acknowledges "[t]he NYSNA Benefit Fund shall be held and administered under the terms and provisions of the" Trust Agreement. (2013 CBA §§ 9.01(F)(ii), (v)).

The Trust Agreement, in turn, permits Fund trustees to "do all acts . . . which [they] may deem necessary or proper for the protection of the property held" under the Trust Agreement. (Dell Decl. Ex. F: Trust Agmt. Art. IV § 3(f)). The Trust Agreement specifically provides for audits of "the payroll and wage records of any Employer in connection with the . . . Employer Contributions, Employee Contributions, and/or reports." (Id. Art. V § 5).

In addition, the Trust Agreement provides Fund trustees "shall have power to construe the provisions of this Agreement and Declaration of Trust and terms used herein and any construction adopted by the Trustees in good faith shall be binding upon [NYSNA], the Employer, and the Employees and their families and dependents." (Trust Agmt. Art. IV § 2).

Thus, Nyack is subject to audit at the Fund's request, provided the Fund has construed its authority in good faith.

B.      Scope of the Audit

Nyack asserts the legitimate scope of the Fund's audit "cannot expand beyond the known roster of NYSNA-represented employees."  (Nyack Br. at 11).

However, in Central States, the Supreme Court adopted the funds' reasoning that "records of not-concededly-covered employees are pertinent records, because their examination is a proper means of verifying that the employer has accurately determined the class of covered employees."  472 U.S. at 566 (internal quotation omitted).

Thus, "production of payroll records for all employees, including those employees not covered by the CBA," such as the Fund seeks here, "may legitimately be required to ensure that an employer's determination of employees' covered or noncovered status is correct."  N.Y. State Teamsters Conference Pension and Ret. Fund v. Boening Bros., Inc., 92 F.3d at 134.

In view of the scope provision of the 2013 CBA, the Court is perplexed as to why a list of all registered nurses employed by Nyack in calendar year 2015, as well as those nurses' payroll records, would not be sufficient to establish whether Nyack properly reported and contributed for covered employees.  However, on the current record, the Court cannot conclude the requested audit is "broader in scope than necessary to achieve its objective."  N.Y. State Teamsters Conference Pension and Ret. Fund v. Boening Bros., Inc., 92 F.3d at 134.  Nor can the Court conclude the requested audit is actually an effort by the Fund "to expand plan coverage" or "acquire information about [Nyack] to advance union goals."  Central States, 472 U.S. at 571 n.12.

Accordingly, the Court is constrained to deny Nyack's motion to dismiss.[1]

_____

[1]      Having denied Nyack's motion to dismiss, the Court need not entertain at this time Nyack's request for attorney's fees.  See Hardt v. Reliance Standard Life Ins., 560 U.S. 242, 255

**CONCLUSION**

The motion to dismiss is DENIED.

By May 14, 2018, Nyack shall file its answer to the complaint.

Counsel are directed to attend an in-person conference on June 6, 2018, at 2:15 p.m., at

which the scope and timing of discovery, as well as the status of settlement, will be discussed.

By May 21, 2018, counsel shall submit a joint letter setting forth their agreed-upon and/or

respective positions regarding these matters.

The Clerk is instructed to terminate the motion.  (Doc. #29).

Dated: April 30, 2018
       White Plains, NY

                                   SO ORDERED:

                                   _____
                                   Vincent L. Briccetti
                                   United States District Judge

---

(2010) (under ERISA, a court may award attorney's fees "as long as the fee claimant has achieved some degree of success on the merits") (internal quotation omitted).