USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 12/1/22

UNITED STATES DISTRICT COURT for the
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NEW YORK STATE NURSES ASSOCIATION BENEFITS
FUND, through the Chairperson of the Board of Trustees, Dennis
Buchanan, and the Secretary of the Board of Trustees,
Nancy Kaleda,

                Plaintiff,

     -against-

THE NYACK HOSPITAL,

                Defendant.
----------------------------------------------------------------X

**CONFIDENTIALITY ORDER**

17-CV-1899

(Briccetti, J.)

Upon due consideration of the Second Circuit's holding in *NYSNA Benefits Fund v. Nyack Hosp.*, 46 F.4th 97 (2d Cir. 2022) and its directive that the District Court may "exercise its discretion to enter an appropriate confidentiality order," and the parties' submission in connection therewith, it is hereby **ORDERED, ADJUDGED AND DECREED**:

1. The audit examination of Nyack Hospital (the "Hospital") for the period January 1, 2015 through December 31, 2015 shall consist of a review of the ~~of the~~ payroll records for the Hospital and the set of records described by the auditor on September 9, 2016 (see September 9, 2016 Request, ECF No. 67-2). *VB*

2. The initial audit examination shall take place at the premises of the employer, unless the parties agree otherwise. The auditor may not remove or reproduce any employer records relating to employees that the auditor determines are not performing bargaining unit work, unless (a) the parties agree otherwise or (b) it is necessary to do so because that information is comingled with information of employees performing bargaining unit work (as determined by the auditor), in which situation the employer may redact the information for the employees that the auditor has determined are not performing bargaining unit work.

All information (in whatever form, including all electronically stored information) reviewed or obtained, from the Hospital, in performing the procedures (including but not limited to the Hospital's financial data) is confidential and shall be treated as Confidential Client Information, as required by Section 1.700 of the AICPA Code of Professional Conduct (Section 1.700). Such information shall not be disclosed to any other person or persons except as provided by this order, Section 1.700, and where operationally and legally feasible, the auditor will notify the Hospital if it receives a subpoena or summons for any Hospital information in its possession.

3. The employer may, at its discretion, redact the addresses and other contact of all employees for whom records disclosing that information are reviewed, with the exception that the auditor may request address or other contact information for particular employees as deemed necessary by the auditor for verification purposes.

4. The employer may redact the salaries of corporate officers and directors as long as their status is verified.

5. The auditor shall report its findings only to the Trustees of the Fund, the NYSNA Benefit Fund Office, and any counsel and/or co-counsel to the Fund or its Trustees, acting in their capacities as such and such parties shall be informed of the confidential nature of the information transmitted. The auditor shall take care to avoid reporting any information that identifies any individual employee, whether by name or position, beyond that which is necessary to inform the Trustees of any employees who might be potentially eligible to participate in the Fund's programs. The transmission of information to third parties (other than to the NYSNA Benefit Fund Office, and any counsel and/or co-counsel to the Fund or its Trustees, acting in their capacities as such) by the auditor without the permission of

the employer shall be prohibited.

6. No information obtained in the audit shall be shared with the Union (New York State Nurses Association), other than the Union Trustees of the Fund, acting in their capacities as such.

7. No information obtained in the audit may be used by the Union for organizing purposes or by the Fund to expand the coverage of the Fund.

The Court expects the parties will cooperate in good faith to implement these restrictions and will not require the parties to seek its approval if the parties work out interpretations or applications of these restrictions upon which they agree. If the parties disagree on the interpretation or application of a restriction, and are unable to reach agreement, either party may apply the Court for clarification or modification of this Order.

**Dated:** White Plains, New York
12/1, 2022

_____
Vincent L. Briccetti, U.S.D.J.